Argued and submitted June 29, affirmed July 28, 2021

In the Matter of J. M. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. "F." M., JR.,
*Appellant.*

Clackamas County Circuit Court
20JU03907; A175174

494 P3d 376

Todd L. Van Rysselberghe, Judge.

Daniel J. Casey, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Kirsten M. Naito, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Father appeals a judgment establishing juvenile-court jurisdiction over his daughter, raising 11 assignments of error. We affirm.

In his first through fourth assignments of error, father challenges the admission of various pieces of evidence. The department raises several arguments in response. We agree with the department that, even assuming the errors asserted were properly preserved, or errors of law, they were harmless in the context of the unchallenged evidence admitted.

In his fifth through tenth assignments of error father challenges the sufficiency of the evidence supporting jurisdiction over the child. We review the trial court's ruling that it has dependency jurisdiction over a child "view[ing] the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013).

Here, the trial court found that jurisdiction was appropriate because (1) "father's substance abuse issues interfere with his ability to safely parent the child"; (2) "child tested positive for controlled substances while in the care of father"; (3) "[d]espite previously being offered services, *** father failed to and/or is unable to protect child from mother's abusive and neglectful behavior"; (4) "father has physically neglected and/or provided an unsafe living environment, which presents a risk of harm to the child"; and (5) "child tested positive for controlled substances including methamphetamine, amphetamine, heroin, morphine, and marijuana while in the care of father, which presents a risk of harm to child."

"ORS 419B.100(1)(c) grants a juvenile court dependency jurisdiction over a child '[w]hose condition or circumstances are such as to endanger the welfare of the [child] or of others.'" *Dept. of Human Services v. T. N.*, 303 Or App 183, 192, 462 P3d 771 (2020) (quoting ORS 419B.100(1)(c)). A child

is "endangered" within the meaning of ORS 419B.100(1)(c) when, under the totality of the circumstances, he or she is exposed to "conditions or circumstances that present a current threat of serious loss or injury." *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 61-62, 308 P3d 307 (2013). In this case, having reviewed the record, and viewing facts in the light most favorable to the trial court's ruling, we conclude that the evidence adduced at the jurisdictional hearing was sufficient to support each of the determinations.

We reject father's eleventh assignment of error as unpreserved, and not qualifying for plain error review.

Affirmed.